UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JOHN D'ARCY,<br><br>                Petitioner,<br><br>    v.<br><br>WARDEN NOEL BARLOW,<br><br>                Respondent. | Case No. 1:25-cv-00004-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

Pending before the Court is a Petition for Writ of Habeas Corpus filed by Idaho state prisoner John D'Arcy ("Petitioner"), challenging Petitioner's state court conviction. *See* Dkt. 3. Respondent has filed a Motion for Summary Dismissal, arguing that all of Petitioner's claims are procedurally defaulted. *See* Dkt. 13. The Motion is now ripe for adjudication.[1]

The Court takes judicial notice of the records from Petitioner's state court proceedings, which have been lodged by Respondent. Dkt. 14; *see* Fed. R. Evid. 201(b). Having carefully reviewed the record, including the state court record, the Court finds that oral argument is unnecessary. *See* D. Idaho L. Civ. R. 7.1(d). Accordingly, the Court will enter the following Order granting the Motion and dismissing this case with prejudice.

---

[1] The Court will grant Petitioner's request for an extension of time, and his response to the Motion for Summary Judgment will be deemed timely.

MEMORANDUM DECISION AND ORDER - 1

## BACKGROUND

The facts underlying Petitioner's conviction are set forth clearly and accurately in *State v. D'Arcy*, Docket No. 49043 (Idaho Ct. App. Dec. 30, 2022) (unpublished), which is contained in the record at State's Lodging B-8. The facts will not be repeated here except as necessary to explain the Court's decision.

Following a jury trial in the Fourth Judicial District Court in Ada County, Idaho, Petitioner was convicted of aggravated assault with the use of a deadly weapon. *State's Lodging A-1* at 223. He was sentenced to a unified term of eight years in prison with four years fixed. *Id*. at 232. Petitioner filed a motion for reduction of sentence under Idaho Criminal Rule 35, which the trial court denied. *See State's Lodging B-8* at 1.

On direct appeal, Petitioner raised three claims under Idaho state law. He argued that the trial court abused its discretion in (1) permitting the admission of evidence regarding Petitioner's racist and anti-Semitic statements over the defense's objection under Idaho Rule of Evidence 403, (2) sentencing Petitioner, and (3) denying Petitioner's Rule 35 motion. *State's Lodging B-5*. The Idaho Court of Appeals affirmed, and the Idaho Supreme Court denied review. *State's Lodging B-8, B-11*.

Petitioner filed a pro se petition for post-conviction relief in state court and was later appointed counsel. *State's Lodging C-1* at 7–13, 35–37. Counsel did not file an amended petition. *See id*. at 57 (minute entry, describing defense counsel as stating, "I couldn't get any particulars from him … that is why I didn't file an amended petition"). The trial court dismissed the petition. *Id*. at 58–61. Petitioner did not appeal. *Id*. at 2–5.

In the instant federal habeas corpus petition, Petitioner asserts the following claims:

> (1) Petitioner was deprived of his First Amendment right to free speech when evidence was presented "that had little to no probative value yet was certain to raise a negative opinion toward the defendant as racist"; (2) Petitioner was deprived of his Sixth Amendment right to a speedy trial; (3) Petitioner was subjected to double jeopardy in violation of the Fifth Amendment; and (4) Petitioner's parole was revoked in violation of the First Amendment based on allegedly "racist" statements taken into account by the parole board.

*Init. Rev. Order*, Dkt. 8, at 2 (citing *Pet*. at 4–7).

The Court previously reviewed the Petition and allowed Petitioner to proceed on his claims to the extent those claims "(1) are cognizable—meaning they actually can be heard—in a federal habeas corpus action, (2) were timely filed in this Court, and (3) were either properly exhausted in state court or subject to a legal excuse for any failure to exhaust in a proper manner." *Id*. at 3.

## DISCUSSION

The Rules Governing Section 2254 Cases ("Habeas Rules") authorize the Court to summarily dismiss a petition for writ of habeas corpus when "it plainly appears from the face of the petition and any attached exhibits," as well as those records subject to judicial notice, "that the petitioner is not entitled to relief in the district court." Habeas Rule 4; *see* Fed. R. Evid. 201(b); *Dawson*, 451 F.3d at 551 n.1. Where appropriate, a respondent may file a motion for summary dismissal, rather than an answer. *White v. Lewis*, 874 F.2d 599, 602 (9th Cir. 1989).

MEMORANDUM DECISION AND ORDER - 3

Respondent argues that Petitioner's claims are procedurally defaulted. For the reasons that follow, the Court agrees.

**1.      Procedural Default Standards of Law**

A habeas petitioner must exhaust his remedies in the state courts before a federal court can grant relief on constitutional claims. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). To do so, the petitioner must invoke one complete round of the state's established appellate review process, fairly presenting all constitutional claims to the state courts so that they have a full and fair opportunity to correct alleged constitutional errors at each level of appellate review. *Id.* at 845. In a state that has the possibility of discretionary review in the highest appellate court, like Idaho, the petitioner must have presented all of his federal claims at least in a petition seeking review before that court. *Id.* at 847. "Fair presentation" requires a petitioner to describe both the operative facts and the legal theories upon which the federal claim is based. *Gray v. Netherland*, 518 U.S. 152, 162–63 (1996).

When a habeas petitioner has not fairly presented a constitutional claim to the highest state court, and the state court would now refuse to consider it because of the state's procedural rules, the claim is said to be procedurally defaulted. *Id*. Claims are procedurally defaulted in the following situations: (1) when a petitioner has completely failed to raise a claim before the Idaho courts; (2) when a petitioner has raised a claim, but has failed to fully and fairly present it as a *federal* claim to the Idaho courts; and (3) when the Idaho courts have rejected a claim on an adequate and independent state

procedural ground. *Id.*; *Baldwin v. Reese*, 541 U.S. 27, 32 (2004); *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

2.  **Petitioner's Claims Are Procedurally Defaulted, and Petitioner Does Not Argue that He Is Excused from the Default**

The most straightforward manner in which to resolve the exhaustion and procedural default status of Petitioner's federal claims is to review which claims were raised and addressed on the merits in the state court appellate proceedings and compare them to the subject matter of the claims in this action.

On direct appeal, Petitioner raised no federal claims at all. Instead, he asserted only abuse-of-discretion claims under Idaho state law. *State's Lodging B-5*; see *Williams v. Borg*, 139 F.3d 737, 740 (9th Cir. 1998) (stating that federal habeas relief is available "only for constitutional violation[s], not for abuse of discretion"); *Hayes v. Page*, No. 1:16-CV-00386-BLW, 2017 WL 3709052, at *6 (D. Idaho Aug. 28, 2017) (unpublished) ("An 'abuse of discretion' claim is a state law claim."). Petitioner did not raise any of his current habeas claims, so Petitioner's direct appeal did not exhaust those claims.

In addition, Petitioner did not appeal the dismissal of his state post-conviction petition. Accordingly, that proceeding could not have served to exhaust any of Petitioner's instant claims. Because it is now too late to raise Petitioner's habeas claims in state court, the claims are procedurally defaulted. *See Gray*, 518 U.S. at 161–62.

In his response to the Motion for Summary Dismissal, Petitioner argues the merits of his claims. *See* Dkt. 17. He does not address the procedural default issue and has not argued that he is excused from default based on cause and prejudice or actual innocence.

MEMORANDUM DECISION AND ORDER - 5

*See Murray v. Carrier*, 477 U.S. 478, 488 (1986), *Schlup v. Delo*, 513 U.S. 298, 329 (1995).

## CONCLUSION

For the foregoing reasons, Petitioner's claims are procedurally defaulted without excuse.

## ORDER

**IT IS ORDERED:**

1. Petitioner's Motion for Continuance, construed as a motion for extension of time to respond to the Motion for Summary Dismissal (Dkt. 16) is GRANTED. Petitioner's response (Dkt. 17) is deemed timely.

2. Respondent's Motion for Summary Dismissal (Dkt. 13) is GRANTED, and the Petition is DISMISSED with prejudice.

3. The Court does not find its resolution of this habeas matter to be reasonably debatable, and a certificate of appealability will not issue. *See* 28 U.S.C. § 2253(c); Habeas Rule 11. If Petitioner wishes to appeal, he must file a timely notice of appeal with the Clerk of Court. Petitioner may seek a certificate of appealability from the Ninth Circuit by filing a request in that court.

DATED: November 3, 2025

B. Lynn Winmill
U.S. District Court Judge